# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| SHARON THOMAS, | * | |
| | * | No. 14-966V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: October 5, 2018 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees & costs. |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Scott W. Rooney</u>, Nemes Rooney, P.C., Farmington Hills, MI, for petitioner;
<u>Darryl R. Wishard</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

On July 19, 2018, Ms. Thomas moved for interim fees, requesting $22,563.50 in fees and $2,523.40 in costs. These fees and costs covered the period ending on the date of the filing of the motion.

Four days later, the Secretary filed his response to petitioners' motion. In his response, the Secretary did not object to petitioners' request. Resp't's Resp. at 2. Instead, the Secretary stated that he "defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs (including the reasonable basis requirement) are met in this case." Id. Similarly, the Secretary requested that the undersigned exercise his discretion in determining

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

what constituted a reasonable fee award if a fee award was deemed appropriate. Id. at 3.

This matter is now ripe for adjudication.

* * *

## I. Eligibility for an Interim Award

Interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). However, the Federal Circuit also noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. This language has been applied in the Court of Federal Claims to mean that "some special showing is necessary to warrant interim fees . . . ." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 300 (2011). These are "including but not limited to the delineated factors of protracted proceedings, costly experts, or undue hardship." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

Though the Federal Circuit has not provided specificity with regards to what constitutes a "protracted proceeding" or "undue hardship," the undersigned finds that this case is appropriate for an interim award. Ms. Thomas' case was filed four years ago this week and throughout that time Mr. Rooney has been working without compensation. Furthermore, based on the procedural posture of this case, it is likely that Mr. Rooney may need to procure an expert report to advance Ms. Thomas' position. Requiring Mr. Rooney to pay for this report out-of-pocket all the while he has not been compensated for over four years of work on this same case presents, in the undersigned's estimation, an undue hardship for the petitioner. Furthermore, given the posture of this case, it is not clear when Ms. Thomas' claim may be adjudicated and thus she faces much more than a "short delay" until she would be eligible for a final fees award. For these reasons, the undersigned finds an interim award appropriate.

## II. Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step

process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, the court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  The undersigned finds that a downward departure from the lodestar total is not called for in this case.

    A.    <u>Reasonable Hourly Rate</u>

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & HumanServs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10,2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

There appears to be some inconsistency in Mr. Rooney's hourly rates.  In the motion for fees, petitioner states that Mr. Rooney "was retained to represent Sharon Thomas throughout the course of this litigation at the rate of $350.00 per hour."  Pet'r's Fees Mot. at 1.  However, in a subsequent order, the undersigned requested that petitioner elucidate the basis for Mr. Rooney's hourly rate, noting that a review of other fees decisions concerning Mr. Rooney indicated that he billed at an hourly rate of $300 for most of the time period covered by Ms. Thomas' motion.  See order, issued Aug. 8, 2018, at 1.  In a subsequent status report, petitioner stated that Mr. Rooney "has begun requesting the fee of $350 per hour based upon the 2017 Economics of Law Practice Report from the State Bar of Michigan."  Pet'r's Status Rep., filed Aug. 8, 2018, at 1.  Thus, it appears that Mr. Rooney retroactively increased his hourly rate at some point during the pendency of Ms. Thomas' case.

The undersigned has reviewed the supporting documentation provided by Mr. Rooney and in consideration of that evidence as well as Mr. Rooney's experience—in the Vaccine Program and more generally—finds an hourly rate of $350 reasonable for Mr. Rooney's present work.  However, the undersigned does not find it reasonable to retroactively set Mr. Rooney's rate at $350 per hour for

3

work done before 2018.  Instead, consistent with other special masters' analyses, the undersigned finds a rate of $300 per hour for Mr. Rooney's work before 2018 to be reasonable.  See, e.g., Voors v. Sec'y of Health & Human Servs., No. 17-024V, 2017 WL 6892228, at *1 (Fed. Cl. Spec. Mstr. Nov. 15, 2017).  To adjust for this finding, the undersigned reduces Ms. Thomas' fees award by 10%.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

On the whole, the number of hours billed by Mr. Rooney and his paralegal appear reasonable for a case of this complexity.  The entries from the attorneys and paralegals tend to describe the activities with sufficient detail that the reasonableness of the work may be assessed.  There are instances where the record simply states "filing," "drafting," or "medical research."  In these cases Mr. Rooney would be advised to include additional information in future fees motions and this decision should constitute a warning for Mr. Rooney to be more careful going forward.  However, in those few instances where Mr. Rooney does not provide an optimal amount of detail, the number of hours billed tends to be nominal and the undersigned is not concerned that the entries reflect unreasonable billing.

## III. Costs

In addition to seeking attorneys' fees, Ms. Thomas seeks an award of costs totaling $2,523.40.

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Ms. Thomas's request for costs includes typical items such as the filing fee, costs associated with obtaining medical records, and copying costs.  Ms. Thomas' costs are reasonable and are awarded in full.

4

\*     \*     \*

Accordingly, petitioner is awarded:

**A lump sum of $22,830.55 in the form of a check made payable to petitioner and petitioner's attorney, Scott Rooney.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

s/Christian J. Moran
Christian J. Moran
Special Master
